Matter of Delgado (Commissioner of Labor) (2019 NY Slip Op 02772)





Matter of Delgado (Commissioner of Labor)


2019 NY Slip Op 02772


Decided on April 11, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 11, 2019

527500

[*1]In the Matter of the Claim of ADRIANNA DELGADO, Appellant.
and
COMMISSIONER OF LABOR, Respondent.

Calendar Date: March 15, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ.


Adrianna Delgado, Ajo, Arizona, appellant pro se.
Letitia James, Attorney General, New York City (Steven Koton of counsel), for respondent.



MEMORANDUM AND ORDER
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed December 28, 2017, which ruled that claimant's request for a hearing was untimely.
Claimant filed applications for unemployment insurance benefits in 2010 and 2011. By initial determinations, the Department of Labor ruled, among other things, that claimant was ineligible for benefits because, in the first case, she was not totally unemployed and, in the second case, she voluntarily quit her job without good cause, and she was charged with various recoverable overpayments. The determinations were issued and mailed to claimant on February 21, 2012. Over five years later, by letter dated May 25, 2017, claimant requested a hearing after receiving a reminder regarding her outstanding overpayment debt. The Department objected on the ground that the hearing request was untimely. After a hearing at which claimant testified, an Administrative Law Judge sustained the initial determinations in two decisions, finding that claimant's request for a hearing was not made within the 30-day period required by Labor Law § 620 (1) (a) and that no physical or mental condition prevented her from doing so. The Unemployment Insurance Appeal Board upheld these decisions. Claimant appeals.
We affirm. "Labor Law § 620 (1) (a) provides that a claimant who is dissatisfied with an initial determination issued by the Department must request a hearing within 30 days of the date of mailing or personal delivery of the determination, unless he or she is prevented from doing so by physical or mental incapacity" (Matter of Hirota [Commissioner of Labor], 161 AD3d 1371, 1372 [2018] [internal quotation marks and citation omitted]; see 12 NYCRR 461.1 [a]; Matter of Lewkowitz [Commissioner of Labor], 165 AD3d 1336, 1337 [2018]). Claimant admitted that the address to which the initial determinations were sent was her correct mailing address at the time and, up until November 2013, that she periodically lived at that address and that her family members lived there and set aside mail for her. Although she did not recall that period of time, she admitted that sometimes she did not go through her mail at all and, therefore, there was every possibility that the determinations had been received. The evidence also established that the determinations mailed to claimant's address were not returned to sender and that she filed another claim months later using the same mailing address. Claimant testified that [*2]she suffered from certain psychiatric diagnoses, but she conceded that her conditions did not prevent her from filing claims or from reading and responding to letters. No medical evidence was submitted.
The Board rejected claimant's testimony that she did not receive the initial determinations in the mail and that she first learned of them when she received a debt reminder in May 2017, and we defer to its credibility determination (see Matter of Romanko v New York Univ., 154 AD3d 1031, 1033 [2017]). "Absent proof to the contrary, an initial determination of the [C]ommissioner [of Labor] shall be deemed to have been mailed on the date recited on the initial determination and received by a party to whom it is addressed no later than five business days after the date on which it is mailed" (12 NYCRR 461.1 [a]). Given the foregoing, we find no basis upon which to disturb the Board's decisions (see Labor Law § 620 [1] [a]; Matter of Lewkowitz [Commissioner of Labor], 165 AD3d at 1337; Matter of Hirota [Commissioner of Labor], 161 AD3d at 1372; Matter of Hill [Commissioner of Labor], 113 AD3d 1015, 1015-1016 [2014]).
Garry, P.J., Egan Jr., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.